UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ALAN MONDAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-cv-1297 |
| SPECIALIZED LOAN SERVICING, LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALAN MONDAY ("Plaintiff"), by and through his undersigned attorney, alleges the following against Defendant, SPECIALIZED LOAN SERVICING, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

3. Count III of Plaintiff's Complaint is based on the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. ("FDUTPA").

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Jacksonville, Duval County, Florida.

9. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

10. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

11. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

12. Defendant is a business corporation, debt buyer, and debt collection agency with its principal place of business located in Village of Greenwood, State of Colorado.

13. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or

electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a mortgage loan with Bank of America.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around 2019, Plaintiff's account stopped auto-drafting payments on the debt.

21. Plaintiff subsequently attempted to pay the outstanding balance, but Defendant refused to accept payment.

22. As a result, Defendant continued to charge interest on the alleged debt.

23. Within the past year, Defendant has sent individuals to Plaintiff's home in an attempt to collect the debt.

24. On at least two occasions, Defendant's employees violently struck Plaintiff's door repeatedly.

25. On or about April 16, 2022, Defendant sent Plaintiff a statement indicating that the alleged debt was $79,337.24 and due by May 11, 2022.

26. On or about May 4, 2022, Plaintiff sent a check to Defendant in the amount of $79,337.24.

27. On or about May 11, 2022, Defendant refused to accept payment under the pretext of requiring the funds to be certified.

28. Defendant subsequently continued to charge Plaintiff interest on the debt.

29. In or around June 2022, Plaintiff's alleged debt increased, due to interest, to $79,575.93.

30. On or about June 7, 2022, Plaintiff sent a certified check in the amount of $79,575.93 to Defendant.

31. On or about June 22, 2022, Defendant again refused to accept payment and continued to charge Plaintiff interest.

32. On or about October 7, 2022, counsel for Plaintiff sent an email and a version of the instant complaint to representatives of Defendant.

33. The above referenced email:

    a. Notified Defendant that Agruss Law Firm represents Plaintiff.

    b. Requested that Defendant cease all communications with Plaintiff.

34. On or about October 7, 2022, representatives of Defendant forwarded the above referenced email to the corporate counsel for Defendant.

35. On or about October 12, 2022, Defendant's corporate counsel acknowledged Plaintiff's counsel's email and sent an email to Plaintiff's counsel in response.

36. Despite the foregoing, Defendant continued to send individuals to Plaintiff's home, including but not limited to on November 1, 2022.

37. On or about November 1, 2022, Defendant left a communication labeled "urgent notice" on Plaintiff's door.

38. Defendant's actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt in a higher amount than Plaintiff actually owed.

39. The natural consequences of Defendant's actions were to produce an unpleasant and/or hostile situation between Defendants and Plaintiffs.

40. The natural consequences of Defendants' actions were to cause Plaintiff mental distress.

41. Defendant's above-referenced conduct caused Plaintiff to sustain monetary damages.

42. Defendant's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I:
## DEFENDANT SPECIALIZED LOAN SERVICING, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

44. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692a(2) of the FDCPA by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, when Defendant acknowledged Plaintiff's counsel and still sent individuals to Plaintiff's home in an attempt to collect the debt and still left a communication on Plaintiff's door in an attempt to collect the debt;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant refused to accept payment on the debt so that it could continue to charge Plaintiff interest, when Defendant sent

5

    people to Plaintiffs home who repeatedly and violently struck Plaintiff's door, and when Defendant continued to send people to Plaintiff's home despite acknowledging that Plaintiff was represented by counsel;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to refuse payment and continue to charge Plaintiff interest, and when Defendant engaged in at least the following discrete violations of § 1692e;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendant falsely claimed that Plaintiff owed interest on a debt that Plaintiff attempted to pay in full;

e. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant continually refused payment from Plaintiff;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant refused to accept payment on the debt so that it could continue to charge Plaintiff interest;

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff ALAN MONDAY, respectfully requests judgment be entered against SPECIALIZED LOAN SERVICING, LLC for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT SPECIALIZED LOAN SERVICING, LLC VIOLATED THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

45. Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Defendant violated the FCCPA based on the following:

a. Defendant violated § 559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, when Defendant refused to accept payment on the debt so that it could continue to charge Plaintiff interest, and when Defendant sent people to Plaintiffs home who repeatedly and violently struck Plaintiff's door;

b. Defendant violated § 559.72(9) of the FCCPA by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person

7

knows that the right does not exist, when Defendant attempted to collect interest on a debt despite Plaintiff's repeated attempts to pay the debt prior to such interest accruing;

h. Defendant violated § 559.72(18) of the FCCPA communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, when Defendant acknowledged Plaintiff's counsel and still sent individuals to Plaintiff's home in and still left a communication on Plaintiff's door;

WHEREFORE, Plaintiff ALAN MONDAY, respectfully requests judgment be entered against SPECIALIZED LOAN SERVICING, LLC for the following:

a. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

b. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

c. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

d. Any other relief that this Honorable Court deems appropriate.

### COUNT III:
### DEFENDANT SPECIALIZED LOAN SERVICING, LLC VIOLATED THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

47. Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

48. Respondent violated the FDUTPA based on the following:

    a. Respondent's above-detailed conduct amounts to deceptive acts or unfair practices pursuant to the FDUTPA;

    b. Respondent's above-detailed conduct is a direct and proximate cause of Claimant's injuries; and

    c. Claimant sustained actual damages as a result of Respondent's above-detailed conduct.

WHEREFORE, Plaintiff ALAN MONDAY, respectfully requests judgment be entered against SPECIALIZED LOAN SERVICING, LLC for the following:

a. Actual damages in an amount to be determined at trial, pursuant to § 501.207 of the FDUTPA;

b. Costs and reasonable attorneys' fees pursuant to § 501.2105 of the FDUTPA; and

c. Any other relief that the presiding arbitrator deems appropriate.

                                                      RESPECTFULLY SUBMITTED,

DATED: November 10, 2022        By: /s/ Shireen Hormozdi
                                                 Shireen Hormozdi
                                                 Agruss Law Firm, LLC
                                                 4809 N. Ravenswood Avenue, Suite 419
                                                 Chicago, IL 60640 &
                                                 Hormozdi Law Firm, LLC
                                                 1770 Indian Trail Lilburn Road, Suite 175
                                                 Norcross, GA 30093
                                                 Tel: 312-224-4695
                                                 Direct: 678-960-9030
                                                 shireen@agrusslawfirm.com
                                                 Attorney for Plaintiff